OPINION OF THE COURT
John D. Capilli, J.
The plaintiff, Guido Di Mitri, is suing the defendant, John P. Tutunjian, for "administrative maintenance charges” which were deducted from the plaintiff’s escrow account and for an overcharge for the delinquent April, 1979 mortgage installment.
John P. Tutunjian, the defendant, is the assignee of a mortgage to the premises known as Lot No. 9, Block 509 on a *978 certain map entitled "Map of Birchwood at Jericho, Town of Oyster Bay, Nassau County, New York”, originally executed by the Baldwin-Bellmore Federal Savings and Loan Association, as evidenced by the mortgage and bond signed and dated July 12, 1966.
From the credible evidence which was adduced at the trial from the testifying parties on April 3, 1980 before the court presiding over a Bench trial, the following findings were made:
For the years 1975 and 1976 the "administrative service charge” amounted to $24.
For the year 1977 the charge amounted to $12.
For the year 1978 the charge amounted to $20.
For the year 1979 the charge amounted to $24.
In addition, the defendant debited the plaintiffs account for $22.24, which represented a penalty for a late mortgage payment for April of 1979. This debit was made allegedly pursuant to Paragraph No. 20 of the mortgage.
It was not adduced from the evidence nor does the mortgage or bond make any provision for the imposition of the "administrative service charge”.
Therefore, the court finds for the plaintiff in the sum of $80, as representative of the amount of money that the defendant unlawfully charged plaintiff Di Mitri. As to the defendant’s contention that the plaintiff affirmed the administrative service charge by payments, the court finds no basis for such holding.
However, the mortgage, under Paragraph No. 20, provides for "late charges” and reads as follows: "20. In the event that any payment due under the terms of this obligation shall not be received within fifteen (15) days after it shall become due, a late charge of not in excess of four (4<¡0 cents for each one ($1.00) dollar overdue may be charged by the mortgagee for the purpose of defraying the expense incidental to the handling of such delinquent payment.”
This provision, Paragraph No. 20 (supra), has been amended by law, to wit, section 254-b of the Real Property Law, "Limitation on late charges”.
In part it provides for the imposition of a late charge that may be imposed to a delinquent installment but such charge, ’’shall not exceed and shall only be enforced to the extent of two percent of such delinquent instalment” (emphasis added).
*979 In the first sentence of the statute (Real Property Law, § 254-b), there is directive language that the provision shall apply to a mortgage "heretofore or hereafter” made. (Emphasis added.)
Clearly, there is a legislative mandate that section 254-b of the Real Property Law is to be applied retroactively and is made applicable to mortgages executed prior to April 1, 1974. Since there is retroactivity to the statute and the mortgage in question is dated July 12, 1966, and since an assignee has no greater rights than the assignor, this court finds that the plaintiff was illegally overcharged, in violation of the statute. (Real Property Law, § 254-b.)
Applying the 2% limitation to the delinquent April, 1979 installment, the court arrives at a legal charge of $6.93. Computing the difference between the actual charge of $22.24 and the legal charge of $6.93, the plaintiff is entitled to a refund of $15.31.
Accordingly, judgment is granted in favor of the plaintiff Di Mitri against the defendant Tutunjian in the sum of $80 as representing the "administrative service charge” and in the sum of $15.31 in favor of the plaintiff for the illegal overcharge in violation of section 254-b of the Real Property Law giving a total judgment to plaintiff of $95.31 plus $3.40 costs.